# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRE-PAID LEGAL SERVICES, INC., an Oklahoma Corporation; M. SMITH ENTERPRISES, INC., a California Corporation; and MARK O. SMITH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BENSON W. KANE, JR., an individual, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> HARLAND STONECIPHER, <br><br> Third-Party Defendant. | Case No. CIV-07-388-FHS |

## JUDGMENT

Having received the Joint Stipulation for Entry of Judgment submitted by the parties, the Court ORDERS that judgment should be and hereby is entered in favor of Plaintiffs Pre-Paid Legal Services, Inc. ("Pre-Paid"), M. Smith Enterprises, Inc. ("Smith Enterprises"), and Mark O. Smith ("Smith"), and against Defendant and Third-Party Plaintiff Benson W. Kane, Jr. ("Kane") with respect to all claims asserted by Plaintiffs in this case, in the amount of $300,000, inclusive of all costs, interest, and attorney's fees.

Further, the Court ORDERS that judgment should be and hereby is entered in favor of Plaintiffs Pre-Paid, Smith Enterprises, and Smith, and Third-Party Defendant

Stonecipher, and against Defendant Kane with respect to all counterclaims and crossclaims asserted by Kane in this case.

Further, the Court finds that Pre-Paid, Smith Enterprises, and Smith are entitled to injunctive relief against Kane, and therefore ORDERS that Kane is hereby enjoined, for a period of three (3) years from the date of this Judgment, from violating any of the following enumerated obligations. The term "Associate" as used herein is a person or entity that has received commission-based compensation from Pre-Paid at any time during the twelve months prior to any act by Kane that could be considered a violation.

1. <u>Competition</u>. Kane shall not directly or indirectly own, manage, operate, control, be employed by, perform services for, consult with, solicit business for, participate in, or be connected with the ownership, management, operation, or control of any business which directly or through other affiliated companies or organizations designs, underwrites, or markets any plan or product involving: (a) the provision of legal forms, legal services, or access to legal services, or (b) the provision of forms or services, legal or otherwise, relating to protection against, correction of, or redress for "identity theft," as that term is commonly used; provided, however, that Kane may continue in his relationship with YTB International, Inc., also known as Your Travel Biz or "YTB," and such relationship shall not constitute a violation of the prohibition on competition described in this paragraph.

2. <u>Confidential Information</u>. Kane shall not use for any purpose or disclose to any person or entity any confidential information acquired during the course of his relationship with Pre-Paid (or The People's Network, Inc.). The term "confidential

information" as used herein includes, but is not limited to, records, lists, and knowledge of Pre-Paid's (or The People's Network, Inc.'s) customers, Associates, legal services providers, methods of operation, processes, trade secrets, methods of marketing, methods of determining prices, methods of recruitment of new Associates, methods of compensation of Associates, and methods of retention of Associates.

3. <u>Solicitation of Pre-Paid Associates</u>. Kane shall not, either on his own account or for any other person, firm, partnership, corporation, or other entity, directly or indirectly: (a) solicit, interfere with, or endeavor to cause any Pre-Paid Associate to leave, terminate, reduce, or limit his or her working relationship with Pre-Paid; or (b) induce, or attempt to induce, any Pre-Paid Associate to breach or terminate his or her Associate Agreement with Pre-Paid; provided, however, that any communications by Kane with any Pre-Paid Associate who, on or before December 18, 2008, entered into a written agreement to perform services for YTB International, Inc., also known as Your Travel Biz or "YTB," shall not constitute a violation of the prohibition on solicitation described in this paragraph.

4. <u>Solicitation of Pre-Paid Customers</u>. Kane shall not, either on his own account or for any other person, firm, partnership, corporation, or other entity, directly or indirectly, solicit, interfere with, or endeavor to cause any past or current customer of Pre-Paid (or its predecessor The People's Network, Inc.) to: (a) cease doing business in whole or in part with, or through, Pre-Paid; or (b) do business with any other person, firm, partnership, or corporation which performs services materially similar to, or competitive with, those provided by Pre-Paid; provided, however, that any

communications by Kane with any Pre-Paid Associate who, on or before December 18, 2008, entered into a written agreement to perform services for YTB International, Inc., also known as Your Travel Biz or "YTB," shall not constitute a violation of the prohibition on solicitation described in this paragraph.

It is further ORDERED that the Court retains jurisdiction to oversee and resolve all issues as to enforcement of this Judgment and specifically the injunctive obligations enumerated herein.

DATED this 7th day of July, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma